IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARY P MAHLIE, | § § | |
| *Plaintiff,* | § § | SA-21-CV-01178-XR |
| vs. | § § | |
| PNC BANK, N.A., | § § | |
| *Defendant.* | § § | |

# ORDER

Before the Court in the above-styled cause of action is Plaintiff's Motion to Compel Answers to her First Set of Discovery Requests [#24]. By her motion, Plaintiff Mary P. Mahlie asks the Court to compel Defendant PNC Bank, N.A., to provide more complete discovery responses. The Court held a hearing on the motion on December 7, 2022, at which counsel for both parties appeared via videoconference. At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written order.

This is a retaliatory discharge action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Plaintiff alleges she was subjected to gender discrimination in the workplace during her employment with BBVA, USA, which is the predecessor entity to PNC Bank, N.A., the named Defendant. Plaintiff contends she was unlawfully demoted, disciplined, and ultimately terminated by Defendant due to her gender and in retaliation for her protected conduct of complaining to Human Resources about the discrimination.

At the time of the hearing, there were 15 outstanding discovery requests still in dispute. The Court resolved the various requests for production and interrogatories as follows:

**Interrogatory 7:** Defendant agreed at the hearing to supplement its responses to confirm that Collins required calendar sharing of all his direct reports and to state the reason for the calendar sharing.

**Interrogatory 8:** Defendant is ordered to produce three EEO internal investigations conducted by each of the Human Resources employees. The investigations should be those investigations conducted during the two-year period immediately preceding Plaintiff's termination in August 2020. Defendant should produce investigations that involved allegations of gender discrimination and/or retaliation, but if fewer than three such investigations were conducted by any of the employees, Defendant should instead produce investigations into other alleged EEO violations. If fewer than three investigations that meet the foregoing criteria were conducted by any of the Human Resource employees, then Defendant should produce the one or two that they did conduct, or clarify that no such investigations were conducted by a particular employee. Defendant is directed to redact employee information from each investigation but designate any redacted employee information with a placeholder name (e.g., "Employee X") for identification purposes.

**Interrogatory 9:** Defendant is directed to clarify that its response to this interrogatory—that Collins treated all employees equally with respect to requests for profitability models—is accurate and that the lodged objections do not affect this response.

**Interrogatory 10:** Defendant is directed to respond to this interrogatory. If Defendant does not have access to the requested information, Defendant should state the same.

**Request for Production 16:** Defendant agreed to produce the requested organizational charts for 2021 for BBVA's San Antonio office, which Defendant confirmed are in its possession. Defendant is directed to search for the other requested organizational charts for its

Beaumont and San Antonio offices. If the charts are not available, Defendant is directed to confirm the same in its supplemental responses.

**Request for Production 18:** Defendant is directed to produce any "scorecards" on the performance of those private bankers in Beaumont managed by Plaintiff during the two years prior to her promotion (2011 to 2013).

**Request for Production 22:** Defendant confirmed at the hearing that there were no other complaints about Collins, Parker, or Dudderar other than Plaintiff's. Defendant is directed to supplement its discovery responses confirming the same.

**Request for Production 23:** Defendant agreed at the hearing to produce one month of Collins's emails and review for privilege only so that Plaintiff can gain a sense of what types of emails he typically sent and can determine the types of reports and other information to search for in the other months' emails. After Plaintiff's review of the production, she may make more specific requests for similar emails from other months during the relevant time period.

**Request for Production 38:** Defendant confirmed that it already produced year-end scorecards for those employees who were not put on a PIP for the requested time period. As for additional periodic scorecard reports, Defendant is directed to supplement its discovery responses with a verification that these reports do not exist.

**Requests for Production 39, 40, and 41:** Defendant is directed to produce emails sent by Collins or Cervantes that give directions or directives to employees about how to handle Payroll Protection Loans. After review, Plaintiff may make a more targeted request for additional emails.

**Request for Production 43:** Defendant is directed to produce any emails about violations of NSF policy or practice, including emails that discuss direction on the bank's

practice as to NSF coverage. Defendant should redact customer and account information for those emails produced.

**Request for Production 44:** Defendant is directed to conduct a diligent search for the program and associated reports involved in lead distribution to private bankers during Collins's tenure as Market Executive and confirm whether the lead-distribution program is in existence and accessible for discovery. Defendant is directed to employ an IT professional to confirm the information regarding the program, if needed, and provide sworn information about what information is available.

**Request for Production 51:** Defendant confirmed at the hearing that there were no other complaints regarding violations of the Code of Conduct during the relevant time period. Defendant is directed to supplement its discovery responses with a statement regarding the same.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Answers to her First Set of Discovery Requests [#24] is **GRANTED IN PART** as set forth herein. In all other respects, the motion is denied.

SIGNED this 14th day of December, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE