IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARY P MAHLIE, | § § | |
| *Plaintiff,* | § § | SA-21-CV-01178-XR |
| vs. | § § | |
| PNC BANK, N.A., | § § | |
| *Defendant.* | § § | |

**ORDER**

Before the Court is the above-styled cause of action, in which Plaintiff accuses Defendant, her former employer, of retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964. Plaintiff believes she was demoted and ultimately terminated due to unlawful gender discrimination. On August 21, 2023, the parties filed a joint motion requesting a conference with a magistrate judge on issues related to the exchange of ESI. The District Court referred the motion to the undersigned, and the undersigned granted the motion and set the matter for a videoconference to address the parties' discovery dispute. In anticipation of the conference, the parties filed a joint advisory [#49] and a spreadsheet containing 91 disputed terms at issue in the ESI production. On September 6, 2023, the undersigned held the conference, at which counsel for both parties appeared and presented their arguments to the Court. After considering the parties' filings, arguments, and the governing law, the Court issues the following ruling.

The parties' dispute arises out of Plaintiff's request for production of e-mails from Defendant. After reviewing a sampling of emails sent by Joshua Collins, Plaintiff's supervisor,

Plaintiff sent Defendant a list of search terms and custodians for a more comprehensive production. Defendant refused to produce the 227,000 emails resulting from the search due to the projected cost of privilege and relevance review. Plaintiff retained an ESI expert, and Defendant responded with a proposal of its own search terms, which resulted in a much smaller set of responsive communications—approximately 35,000 e-mails plus attachments—reflecting their agreement on 54 of the 145 originally proposed search terms. Plaintiff believes she is entitled to a much larger production and wants to continue to negotiate search terms for additional searches.

At the hearing, Defendant agreed to conduct a privilege and relevance review of the 35,000 e-mails and load them into Relativity, the document review platform utilized and paid for by Defendant, for Plaintiff's review of the documents. Defendant agreed it could conduct this review within 45 days. Plaintiff's preference is for the document production to be provided in native format without a manual review for privilege and responsiveness, which Plaintiff contends would be more cost effective and efficient.

Rule 34 expresses a preference for documents to be produced in the form in which they are "ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii). The Court finds the Relativity platform, a common document review platform, to be a "reasonably usable" alternative to the native format requested by Plaintiff. Defendant is absorbing the cost of the platform, and its use will reduce the risk of alteration—accidental or otherwise—to the documents. The platform is also searchable and will allow the parties to simultaneously annotate the production and share information regarding their evaluation of the documents' relevance.

The Court will therefore order the parties to proceed with the review and production of this initial batch of approximately 35,000 e-mails. Defendant should first conduct its privilege review and remove all privileged documents from the production. The next step is to "train" the software to be able to assist in more quickly locating relevant, responsive documents in the batch. The software is trained by an attorney reviewing a subset of the documents in the batch and tagging "relevant" those documents in the subset that the attorney deems responsive and relevant, which helps refine the software's ability to predict which other documents in the batch will be relevant and responsive. Defendant will engage in this process and share with Plaintiff which documents in the initial subsets were tagged "relevant." Plaintiff and Defendant will then confer on whether any additional documents in the subsets need to be tagged "relevant." Defendant will produce the responsive, relevant, non-privileged e-mails from the batch of 35,000 within 45 days. As the parties review and analyze the emails produced by Defendant, the parties should continue to confer on additional searches of the approximately 192,000 emails not included in the above-described batch of 35,000, including on the 91 disputed terms and search parameters.

**IT IS THEREFORE ORDERED** that, on or before **October 17, 2023**, Defendant shall provide Plaintiff with the production as described herein.

SIGNED this 7th day of September, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE